No. 44.—DAVID N. BURKHALTER, plaintiff in error, *vs.* WILLIAM WELLS *et al.* defendants in error.

[1.] Where the verdict of the Jury is strongly and decidedly against the weight of evidence, a new trial will be granted.

Motion for new trial, in Marion Superior Court, February Term, 1855. Decided by Judge WORRELL.

This was a claim case. The levy was under a mortgage *fi. fa.* issued on a mortgage made by defendant in *fi. fa.* to William Wells and Burton W. Dowd, dated 2d November, 1840, and on which was entered, "Recorded in book E, 2d February, 1841. B. W. Dowd, Clerk." The claimants were purchasers under younger judgments. The whole issue in the case was, whether the mortgage was properly recorded, and within time.

JOHN CAMPBELL'S evidence agreed upon was, that being informed that there was a defect in the registry of the mortgage, he went into the office and examined the record. It was all perfect, except the name of the mortgagor did not appear to the deed. He thinks Burkhalter knew of the defect before he purchased. Afterwards, he looked again at the record and found it complete. He asked Dowd how it happened. He at first evaded, and then admitted, that he had added the name himself, and said he had a right to do it.

WILEY WILLIAMS testified: That he heard Dowd say, that in recording the mortgage, he had neglected to put the signature; that he afterwards added it, but not within the time allowed for the record of the mortgage.

The original deed of mortgage was lost.

B. HILL, testified: That he had seen the original mortgage deed, and that it had the same entry of "recorded," &c. on it; that he afterwards examined the registry, and found it complete.

W. C. DOWD, testified: That he was the son of B. W. Dowd, and used to aid him in his office of Clerk; that ac-

cording to the best of his recollection, the copy of the mortgage was correct; that he knew of the recording of the orignal; he recorded it himself, for his father. It appears to witness that there was some error in the subscription of the name of B. W. Dowd, Clerk, to the certificate of record; but of that he is not positive. The omission, he thinks, was of the W, in the name of Burton W. Dowd, Clerk.

The Jury found a verdict for plaintiffs in *fi. fa.* A new trial was moved, on the ground that the verdict was against the evidence and weight of evidence. The Court refused the rule, and this is the error assigned.

BLANDFORD; HALL, for plaintiff in error.

HAWKINS, representing COOK & MONTFORT, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] If Campbell and Williams are to be believed, and no attempt is made to impeach their testimony, then a new trial should have been granted in this case, upon the ground, that the verdict of the Jury is strongly and decidedly against the weight of evidence.